UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA BURGESON,

    Plaintiff,

v.                                Case No: 2:13-cv-459-FtM-29CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #22), filed on August 1, 2014, recommending that the Decision of the Commissioner be affirmed.  Plaintiff's Objection (Doc. #23) was filed on August 18, 2014, and Defendant's Reply (Doc. #24) was filed on August 29, 2014.

    The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  Winschel, 631 F.3d at 1178; Moore v. Barnhart, 405

F.3d 1208, 1211 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Winschel, 631 F.3d at 1178; Moore, 405 F.3d at 1211); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

Two claims of error are raised in this appeal of the Commissioner's decision. First, plaintiff asserts that the Administrative Law Judge (ALJ) erred in failing to find her spinal disorder to be a severe impairment. Second, plaintiff asserts that the ALJ erred in failing to properly consider the opinions of her treating psychologist Dr. Stephen P. Schengber and her treating family practitioner Dr. Joseph Richichi concerning the severity of mental health limitations on her residual functional capacity. The magistrate judge found in favor of the Commissioner on both issues.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation as

to the first issue of plaintiff's spinal disorder. Plaintiff's objection is overruled and that portion of the Report and Recommendation is adopted.

As to the second issue, plaintiff asserts that substantial evidence supports a finding that she is disabled due to mental health impairments. (Doc. #23, p. 2.) That, however, is not the issue. Rather, the issue is whether substantial evidence supports the ALJ's finding that plaintiff is not disabled. Crawford, 363 F.3d at 1158-59. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer, 395 F.3d at 1210.

Plaintiff argues that the "ALJ erred by failing to follow the treating physician rule and to accord these treating doctors' opinions controlling weight." (Doc. #23, p. 4.) The ALJ must give the medical opinions of a treating physician substantial or considerable weight unless good cause not to do so is shown, and the ALJ clearly articulates the weight given to the medical opinions and the reasons for such weight. Winschel, 631 F.3d at 1179; Phillips, 357 F.3d at 124041. Medical opinions include statements from physicians or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, what the claimant can still do, even with the impairments, and the claimant's physical or mental

restrictions. <u>Winschel</u>, 631 F.3d at 1178-79. Good cause to reject such medical opinions is present where the (1) treating physician's opinion is not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. <u>Winschel</u>, 631 F.3d at 1179. The ALJ is required to identify with particularity the weight given to the different medical opinions and the reasons for those determinations. <u>Id.</u> In light of the court's limited review, when an ALJ articulates specific reasons supported by the record for failing to give a physician's medical opinion controlling weight, there is no reversible error. <u>Moore</u>, 405 F.3d at 1212.

Given this deferential standard of review, the Court cannot say that the ALJ's decision was unsupported by substantial evidence. The ALJ applied the appropriate legal principles, identified the weight given to the various medical opinions, and stated reasons for those determinations which find record support. The objection to the second issue is overruled, and this portion of the Report and Recommendation is also adopted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objection (Doc. #23) is **overruled**.

2. The Report and Recommendation (Doc. #30) is **accepted and adopted** by the Court.

    3.    The Decision of the Commissioner of Social Security is **affirmed.**

    4.    The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of September, 2014.

                                        /s/ John E. Steele
                                        JOHN E. STEELE
                                        UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
U.S. Magistrate Judge

Counsel of Record